IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY HARRISON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-148-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Gregory Harrison ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED.

**I.   BACKGROUND**

On November 28, 2018, Petitioner pleaded guilty to assault of a family/household member by impeding breathing or circulation and also to assault of a family/household member with a previous conviction, out of the 320th District Court of Potter County, Texas, for which he was sentenced to 20 years confinement to be served concurrently. *See State v. Harrison*, Cause Nos. 075903-D-CR and 075902-D-CR; (ECF 15-2 at 27–35). Petitioner did not file a direct appeal. (*See* ECF 1 at 3). On July 6, 2020, Petitioner filed a state habeas action challenging only cause number 075903-D-CR, which was denied without written order on December 16, 2020. (ECF 15-6, at 3–5; ECF 15-1). Petitioner's instant federal habeas petition was filed on July 12, 2021. (ECF 1).

## II.   PETITIONER'S ALLEGATIONS

Petitioner contends he received ineffective assistance of counsel when entering his plea deal because his attorney (1) failed to interview any of the crucial witnesses, (2) failed to inform Petitioner that his charge had been reduced to a second-degree felony, causing him to presumptively sign for the maximum penalty, (3) denied Petitioner knowledge of his discovery motion, and (4) would not allow Petitioner to acquire a more dedicated legal advisor.  (ECF 1 at 5–7).

## III.   RESPONSIVE PLEADINGS

On January 13, 2022, Respondent filed a Preliminary Answer with Brief in Support asserting Petitioner's habeas application should be dismissed because Petitioner's claims are barred by the AEDPA statute of limitations and are unexhausted.[1] (ECF 17). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Respondent argues that Petitioner challenged only one of his convictions—cause number 75903-D-CR—in a state habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, and therefore, has not afforded the highest state court the opportunity to address his claims in the remaining cause numbers. *In re Harrison*, WR- 91,426-01. (See ECF 15-6 at 3–5). However, the undersigned notes that each of the contested cause numbers relates to the same plea package, entered on the same date.

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

The one-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The trial court entered judgment and sentence on November 28, 2018, and Petitioner did not seek an appeal. (ECF 15-2 at 27–28; ECF 1 at 3). The conviction became final on Friday, December 28, 2018. Therefore, absent any tolling, the limitations period for Petitioner's conviction expired on Monday, December 30, 2019.

Petitioner's July 12, 2021 filing of the instant action occurred approximately 18 months after the limitations period expired for his conviction. While Petitioner submitted a state habeas action on July 6, 2020, which was denied without written order on December 16, 2020, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); (ECF 15-6, at 5–20).

Therefore, the limitations period expired on December 30, 2019. The instant action was filed approximately 18 months after expiration of the limitations period.

3

## V.     EQUITABLE TOLLING

Petitioner has not alleged any facts that support equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (holding that AEDPA's statute of limitations is subject to equitable tolling). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."). While Petitioner argues that he would not have accepted a plea deal to the maximum sentence range, the undersigned finds that Petitioner was properly admonished of the potential sentence range prior to

4

entry of the plea deals. (*See* ECF 15-8 at1, ECF 15-9 at 1). The undersigned also notes that he received concurrent rather than consecutive sentences in each of the cause numbers. Nothing in the record suggests the state misled Petitioner. Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction. Therefore, the instant action is time barred.

The Court notes that Petitioner received correspondence from the State Counsel for Offenders indicating that because his state habeas action "was denied in December of 2020" he "should file [his] federal action by December of [2021]." (ECF 1-1). This correspondence was dated May 5, 2021. While this correspondence is an incorrect interpretation of the federal habeas limitations period, the Court cannot attribute any tolling effect to this correspondence because it was received 17 months after expiration of the limitations period.

## VI. FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's felony assault convictions were entered on November 18, 2018. (ECF 15-2 at 27–35). Petitioner did not file a direct appeal, and the conviction became final on Friday, December 28, 2018. (ECF 15-2 at 27–28; ECF 1 at 3).

2. Petitioner's federal habeas corpus petition was thus due on or before Monday, **December 30, 2019**, at the latest, unless statutorily or equitably tolled.

3. Petitioner's state habeas application regarding the instant action, filed on **July 6, 2020,** and denied on **December 16, 2020**, was filed after the **limitations periods ended** and had no tolling effect.

4. Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

5. Petitioner's claims do not concern a constitutional right recognized by the

5

    United States Supreme Court within the last year and made retroactive to cases on collateral review.

6. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

7. Petitioner's federal habeas corpus application, filed **July 12, 2021**, was filed approximately 18 months after the limitations period expired for his conviction and **is time barred**.

## VII. RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed January 13, 2022 (ECF 17), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner GREGORY HARRISON be DISMISSED with prejudice as time barred.

## VIII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 1, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).